Filed: April 6, 2000

IN THE SUPREME COURT OF THE STATE OF OREGON

KATHY ZEHNER,

 Petitioner,

 v.

HARDY MYERS,
Attorney General,
State of Oregon,

 Respondent,

 and

TIMOTHY J. NESBITT,

 Intervenor.

(SC S47164 (Control), S47232, S47233, S47234, S47235, S47308)

(Consolidated for Argument and Opinion)

 En Banc

 On petitions to review ballot titles.

 Argued and submitted March 22, 2000.

 Bruce A. Bishop, of Harrang Long Gary Rudnick PC, Salem,
argued the cause and filed the petitions for petitioner. With
him on the petitions was James E. Mountain, Jr., Salem.

 Richard David Wasserman, Assistant Attorney General, Salem,
argued the cause and filed the answering memoranda for
respondent. With him on the answering memoranda were Hardy
Myers, Attorney General, and Michael D. Reynolds, Solicitor
General.

 Steven Novick, Portland, filed memoranda for intervenor.

 GILLETTE, J.

 Ballot titles certified as modified. This decision shall
become effective in accordance with ORAP 11.30(10).

 Van Hoomissen, J., dissented and filed an opinion in which
Riggs, J., joined. 

 GILLETTE, J.

These are six ballot title review proceedings, brought
under ORS 250.085(2), relating to six different but very similar
initiative measures. The proceedings have been consolidated for
argument, consideration, and decision. Petitioner is an elector
who timely submitted written comments to the Secretary of State
respecting the content of the draft ballot title for each of the 
proposed measures, which the Secretary of State had designated as
Initiative Petitions 108, 122, 123, 124, 125, and 139 (2000). 
Petitioner therefore is entitled to seek review of the resulting
ballot titles certified by the Attorney General. See ORS
250.085(2) (setting that requirement). We review the Attorney
General's certified ballot titles to determine whether they
substantially comply with the requirements of ORS 250.035(2)
(1997). (1) See ORS 250.085(5) (setting out standard of review). 
For the reasons that follow, we conclude that none of the six
ballot titles meets the foregoing statutory standard. We
therefore modify all six ballot titles.

 The measures in question would establish certain rights
of health care patients, impose duties on various health care
providers and insurers who offer health or accident insurance,
and require an independent review process respecting payment and
coverage decisions by insurers and health care providers. The
ballot titles certified by the Attorney General for the six
measures are identical with respect to the caption and result
statements. The caption and result statements for each of the
six proposed measures are as follows:

"ESTABLISHES: PATIENT RIGHTS, MEDICAL PLAN DUTIES; INDEPENDENT EXTERNAL REVIEW PROCESS

 "RESULT OF 'YES' VOTE: 'Yes' vote establishes:
patient rights, medical plan duties; independent
external review for payment, coverage decisions.

 "RESULT OF 'NO' VOTE: 'No' vote rejects: patient
rights, medical plan duties; independent external
review for payment, coverage decisions."

 Although all the captions and result statements are
identical, the summaries in the Attorney General's certified
ballot titles differ to reflect the differences among the
measures. We set out each of the summaries -- none of which we
alter -- at the conclusion of this opinion.

 Petitioner makes a variety of attacks on all aspects of
the six certified ballot titles. We have considered each of
those arguments and conclude that only one demonstrates that the
Attorney General's certified ballot titles fail to comply
substantially with the standards for such ballot titles set out
in ORS 250.035(2)(a) to (d) (1997). We confine our discussion to
the one challenge that we find to be well taken.

 As noted, the Attorney General's "no" result statement
states: "'No' vote rejects: patient rights, medical plan duties;
independent external review for payment, coverage decisions." 

Petitioner argues, correctly, that the "no" result statement is
incorrect; what is "rejected" is not all patient rights, medical
plan duties, and the like. Many patient rights and medical plan
duties already exist from independent sources. Instead, a "no"
vote on the proposed measures would reject any statutory increase
in rights, duties, etc. To comply substantially with ORS
250.035(2)(c) (1997), which requires that the Attorney General
provide a "no" result statement that accurately "describes the
result if the state measure is rejected," the Attorney General's
"no" result statement must be modified. We do that by inserting
the word "increasing" before the words "patient rights" in the
Attorney General's "no" result statement and by deleting the word
"external." Deletion of the word "external" from the phrase
"independent external review" sacrifices little of the
information that a voter would need to have. What is central is
the concept of "independent" review; whether that review is
"internal" or "external" is pertinent, but not as important as
correcting the misimpression created by the present phrasing of
the "no" result statements following the word "rejects." We
modify the Attorney General's "no" result statement for each of
the six ballot titles accordingly.

 Modification of the "no" result statement in turn has
two consequences: The "yes" result statement, which should
parallel the "no" result statement wherever practical, ORS
250.035(3), also should be modified by adding the word
"increased" and deleting the word "external." A similar
modification to the caption completes the parallel construction
of those three parts of the ballot title. We make those
modifications, as well.

 We certify to the Secretary of State the following
ballot title for Initiative Petition 108 (case number S47164):

ESTABLISHES: INCREASED PATIENT RIGHTS, MEDICAL PLAN DUTIES; INDEPENDENT REVIEW PROCESS

 RESULT OF "YES" VOTE: "Yes" vote establishes:
increased patient rights, medical plan duties;
independent review for payment, coverage decisions.

 RESULT OF "NO" VOTE: "No" vote rejects:
increasing patient rights, medical plan duties;
independent review for payment, coverage decisions.

 SUMMARY: Grants medical-plan patients right to:
independent external review of plan's payment, coverage
decisions; standing referral to specialist under
defined circumstances; referral to outside provider in
specified situations; recover damages for harm caused
by plan's failure to exercise ordinary care; obtain
drugs outside medical plan's formulary in specified
circumstances. Plans must have sufficient providers
ensuring benefit access without unreasonable delay. 
Department of Consumer and Business Services must adopt
rules, including minimum nurse-to-patient ratios for
licensed medical facilities. Prescribes independent
review process. Other provisions.

 We certify to the Secretary of State the following ballot title for Initiative Petition 122 (case number S47232):

ESTABLISHES: INCREASED PATIENT RIGHTS, MEDICAL PLAN DUTIES; INDEPENDENT REVIEW PROCESS

 RESULT OF "YES" VOTE: "Yes" vote establishes:
increased patient rights, medical plan duties;
independent review for payment, coverage decisions.

 RESULT OF "NO" VOTE: "No" vote rejects:
increasing patient rights, medical plan duties;
independent review for payment, coverage decisions.

 SUMMARY: Grants medical-plan patients right to:
independent external review of plan's payment, coverage
decisions; standing referral to specialist under
defined circumstances; referral to outside provider in
specified situations; continue care with primary care
provider under specified conditions; recover damages
for harm caused by plan's failure to exercise ordinary
care; obtain drugs outside medical plan's formulary in
specified circumstances. Plans must have sufficient
providers ensuring benefit access without unreasonable
delay. Prescribes independent review process. 
Requires Department of Consumer and Business Services
to adopt rules. Other provisions.

 We certify to the Secretary of State the following ballot title for Initiative Petition 123 (case number S47233):

ESTABLISHES: INCREASED PATIENT RIGHTS, MEDICAL PLAN DUTIES; INDEPENDENT REVIEW PROCESS

 RESULT OF "YES" VOTE: "Yes" vote establishes:
increased patient rights, medical plan duties;
independent review for payment, coverage decisions.

 RESULT OF "NO" VOTE: "No" vote rejects:
increasing patient rights, medical plan duties;
independent review for payment, coverage decisions.

 SUMMARY: Grants medical-plan patients right to:
independent external review of plan's decisions denying
payment, or denying, reducing or terminating coverage;
standing referral to specialist under defined
circumstances; referral to outside provider in
specified situations; continue care with primary care
provider under specified conditions; obtain drugs
outside medical plan's formulary in specified
circumstances. Medical plans must have sufficient
providers, facilities to ensure patient access to
covered benefits without unreasonable delay. 
Prescribes independent review process. Requires
Department of Consumer and Business Services to adopt
rules. Other provisions.

 We certify to the Secretary of State the following ballot title for Initiative Petition 124 (case number S47234):

ESTABLISHES: INCREASED PATIENT RIGHTS, MEDICAL PLAN DUTIES; INDEPENDENT REVIEW PROCESS

 RESULT OF "YES" VOTE: "Yes" vote establishes:
increased patient rights, medical plan duties;
independent review for payment, coverage decisions.

 RESULT OF "NO" VOTE: "No" vote rejects:
increasing patient rights, medical plan duties;
independent review for payment, coverage decisions.

 SUMMARY: Grants medical-plan patients right to:
independent external review of plan's decisions denying
payment, or denying, reducing or terminating coverage;
standing referral to specialist under defined
circumstances; referral to outside provider in
specified situations; continue care with primary care
provider under specified conditions. Medical plans
must have sufficient providers, facilities to ensure
patient access to covered benefits without unreasonable
delay; sufficiency based on location, provider-to-patient ratios, other factors. Prescribes independent
review process. Department of Consumer and Business
Services must adopt rules. Other provisions.

 We certify to the Secretary of State the following ballot title for Initiative Petition 125 (case number S47235):

ESTABLISHES: INCREASED PATIENT RIGHTS, MEDICAL PLAN DUTIES; INDEPENDENT REVIEW PROCESS

 RESULT OF "YES" VOTE: "Yes" vote establishes:
increased patient rights, medical plan duties;
independent review for payment, coverage decisions.

 RESULT OF "NO" VOTE: "No" vote rejects:
increasing patient rights, medical plan duties;
independent review for payment, coverage decisions.

 SUMMARY: Grants medical-plan patients right to:
independent external review of plan's decisions denying
payment, or denying, reducing or terminating coverage;
standing referral to specialist under defined
circumstances; referral to outside provider in
specified situations; continue care with primary care
provider under specified conditions; recover damages
for harm caused by plan's failure to exercise ordinary
care. Plans must have sufficient providers, facilities 
ensuring patient access to covered benefits without
unreasonable delay. Prescribes independent review
process. Department of Consumer and Business Services
must adopt rules. Other provisions.

 We certify to the Secretary of State the following ballot title for Initiative Petition 139 (case number S47308):

ESTABLISHES: INCREASED PATIENT RIGHTS, MEDICAL PLAN DUTIES; INDEPENDENT REVIEW PROCESS

 RESULT OF "YES" VOTE: "Yes" vote establishes:
increased patient rights, medical plan duties;
independent review for payment, coverage decisions.

 RESULT OF "NO" VOTE: "No" vote rejects:
increasing patient rights, medical plan duties;
independent review for payment, coverage decisions.

 SUMMARY: Grants medical-plan patients rights to:
independent external review of plan's decisions denying
payment, or denying, reducing or terminating coverage;
standing referral to specialist under defined
circumstances; referral to outside provider in
specified situations; continue care with primary care
provider under specified conditions; recover damages
for harm caused by plan's failure to exercise ordinary
care. Plans must have sufficient providers, facilities
ensuring patient access to covered benefits without
unreasonable delay. Prescribes independent review
process. Department of Consumer and Business Services
must adopt rules. Other provisions.

 Ballot titles certified as modified. This decision
shall become effective in accordance with ORAP 11.30(10). 

 VAN HOOMISSEN, J., dissenting

 I respectfully dissent. In my view, the Attorney
General's certified ballot title substantially complies with the
requirements of ORS 250.035 (1997). ORS 250.085(5).

 The unspoken premise on which this court's modification
decision is based is that it does not violate the principle of
separation of powers for this court to rewrite a certified ballot
title. See Rooney v. Kulongoski (Elections Division #13), 322 Or
15, 55, 902 P2d 1143 (1995) (Unis, J., dissenting) (arguing that
judicial modification of ballot titles offends Article III,
section 1, of the Oregon Constitution); Sizemore v. Kulongoski,
322 Or 229, 237, 905 P2d 1146 (1995) (Durham, J., concurring)
(same). The court should revisit that premise.

 Riggs, J., joins in this opinion.

1. The 1999 Legislature amended ORS 250.035(2) in several
respects. Or Laws 1999, ch 793, § 1. However, section 3 of that
1999 enactment provides, in part:

"(1) The amendments to ORS 250.035 by section 1 of
this 1999 Act do not apply to any ballot title prepared
for: 

 "(a) Any initiative petition that, if filed with
the Secretary of State with the required number of
signatures of qualified electors, will be submitted to
the people at the general election held on the first
Tuesday after the first Monday in November 2000[.]"

The present proposed measures are ones to which the 1999 act does
not apply. We therefore apply the pertinent provisions of ORS
250.035(2) (1997).

Return to previous location.